IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| MATTHEW ISHAM, and ROXANNE BEST ISHAM,<br><br>Plaintiffs,<br><br>vs.<br><br>PADI WORLDWIDE CORPORATION, a California Corp., INTERNATIONAL-PADI, INC., aka PROFESSIONAL ASSOCIATION OF DIVING INSTRUCTORS, a California Corporation, DIVING SCIENCE AND TECHNOLOGY CORP., aka DSAT, a California Corporation, and CAPITAL INVESTMENTS & VENTURES CORPORATION, a.k.a. CIVCO, a California Corporation,<br><br>Defendants.<br>_____ | CV. NO. 06-00382 DAE BMK |
| DENNIS CLAYPOOL, SHERYLL CLAYPOOL, SCOTT CLAYPOOL, AND KRISTIN CLAYPOOL,<br><br>Plaintiffs,<br><br>vs.<br><br>PADI WORLDWIDE CORPORATION, a California Corporation, INTERNATIONAL-PADI, INC., aka PROFESSIONAL | CV. NO. 06-00386 DAE BMK |

| | |
|---|---|
| ASSOCIATION OF DIVING INSTRUCTORS, a California Corporation, DIVING SCIENCE AND TECHNOLOGY CORP., aka DSAT, a California Corporation, | ) ) ) ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

ORDER GRANTING ISHAM PLAINTIFFS' MOTION
FOR RELIEF OF JUDGMENT PURSUANT TO RULE 60
AND/OR PLENARY POWERS OF THE COURTS

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Isham Plaintiffs' motion and the supporting and opposing memoranda, the Court GRANTS Isham Plaintiffs' motion for relief of judgment.

BACKGROUND

On July 13, 2006, Matthew Isham and Roxanne Best Isham (collectively, "Isham Plaintiffs") filed a Complaint, which they amended on June 1, 2007. The First Amended Complaint alleged the following causes of action: (1) strict liability, (2 and 3) breach of express and implied warranties, (4) fraudulent concealment/failure to warn, (5) unfair and deceptive trade practices, (6) negligence, (7) gross negligence and willful wanton indifference, (8) emotional

distress, and (9) loss of consortium.[1]  On July 14, 2006, Dennis Claypool, Sheryll Claypool, Scott Claypool, and Kristin Claypool's (collectively, "Claypool Plaintiffs") filed a Complaint for Personal Injury Damages and Loss of Consortium.  On December 15, 2006, Isham Plaintiffs' (CV No. 06-382) and Claypool Plaintiffs' (CV No. 06-286) cases were consolidated.

On August 23, 2007, the Court filed its Order Granting in Part and Denying in Part Defendants' Motion to Dismiss ("August 2007 Order").  (Doc. # 119.)  This Court granted judgment on the pleadings in favor of Defendants on the following claims:  strict liability claims; Claypool Plaintiffs' negligent manufacture and Isham Plaintiffs' negligence claims, including negligent misrepresentation; Claypool and Isham Plaintiffs' breach of warranty claims; Isham and Claypool Plaintiffs' emotional distress claims; and Isham Plaintiffs' unfair and deceptive trade practices claim.[2]  This Court dismissed Isham Plaintiffs' general negligence claim because it found that the Diving Program was not a

---

[1] Isham Plaintiffs did not include an eighth cause of action, and instead numbered emotional distress as the ninth cause of action and loss of consortium as the tenth cause of action.

[2] This Court denied judgment on the pleadings on Claypool and Isham Plaintiffs' fraudulent concealment claims, Claypool and Isham Plaintiffs' gross negligence and willful and wanton indifference punitive damages claims, and Plaintiffs Sheryll Claypool and Roxanne Isham's loss of consortium claims.

product, and Isham Plaintiffs had rooted their negligence claim in the inherently unsafe and defective design of the Diving Program, noting that it was part of the Isham Plaintiffs' product liability theory. (Doc. # 119 at 28.) This Court found that Plaintiffs' general negligence claims "relate to the defective design of the Diving Program, which, however framed, is not a product for the purpose of sustaining a negligence or negligent manufacture claim based on the defective design of the Diving Program." (Id. at 30.) This Court dismissed the negligence claim to the extent it was based upon negligent misrepresentation based upon the statute of limitations.

On September 7, 2007, Isham Plaintiffs filed a motion for reconsideration of the August 2007 Order. (Doc. # 125.) Isham Plaintiffs argued that this Court incorrectly applied the judgment on the pleadings standard to all of their claims and requested that this Court reconsider the dismissal of their negligence claim, in addition to their other claims. Isham Plaintiffs did not make any other arguments pertaining to the merits of their general negligence claim or make any other argument as to why their negligence claim should proceed outside

of their negligent misrepresentation claim.[3] On October 5, 2007, this Court granted in part and denied in part Isham Plaintiffs' motion for reconsideration. (Doc. # 138.) This Court denied Plaintiffs' request to reinstate their general negligence claim, because any error made by applying the judgment on the pleadings standard, rather than the standard for a motion to dismiss, was harmless since the standard of review under either type of motion is the same.

On December 10, 2007, Defendants filed a motion for partial summary judgment. On April 2, 2008, this Court granted in part and denied in part Defendants' motion for summary judgment with respect to both Isham Plaintiffs' and Claypool Plaintiffs' claims. (Doc. # 188.) This Court granted summary judgment in favor of Defendants with respect to both sets of Plaintiffs' claims for gross negligence/willful and wanton indifference. This Court denied Defendants' motions with respect to both Plaintiffs' claims for fraudulent concealment, loss of consortium claims, and negligent misrepresentation claims.

On April 10, 2008, Isham Plaintiffs filed the instant Motion for Relief of Judgment Pursuant to Rule 60 and/or Plenary Powers of the Court, asking the

---

[3]Isham Plaintiffs argued that their negligent misrepresentation claim should not have been dismissed under statute of limitations grounds, and that the Court failed to consider the merits of their unfair and deceptive trade practices claim. This Court reinstated Plaintiffs' negligent misrepresentation claims finding that it had misapplied the statute of limitations.

Court to reinstate their general negligence claim that was dismissed by the August 2007 Order. (Doc. # 189.) On April 21, 2008, Defendants filed an opposition. (Doc. # 194.) Plaintiffs filed a motion requesting permission to file an untimely reply brief, which was denied.

## STANDARD OF REVIEW

The disposition of a motion for reconsideration is within the discretion of the district court. Lolli v. County of Orange, 351 F.3d 410, 411 (9th Cir. 2003); Plotkin v. Pac. Tel. & Tel. Co., 688 F.2d 1291, 1292 (9th Cir. 1982). This rule derives from the compelling interest in the finality of judgments, which should not be lightly disregarded. Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir. 1983); Carnell v. Grimm, 872 F. Supp. 746, 758 (D. Haw. 1994).

The Ninth Circuit requires a successful motion for reconsideration to furnish both a reason why the court should reconsider its prior decision, as well as facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Carnell, 872 F. Supp. at 758. Mere disagreement with a previous order is an insufficient basis for reconsideration and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. See Haw. Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). Four predominant grounds justify reconsideration: (1)

6

newly discovered evidence; (2) clear error; (3) an intervening change in the controlling law; or (4) other highly unusual circumstances.  <u>Kona Enterprises, Inc. v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000).  Federal Rule of Civil Procedure ("FRCP") 60(b) also provides that the court may grant relief from judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The District of Hawai`i has implemented the federal standards in Local Rule ("LR") 60.1, which explicitly mandates that reconsideration only be granted upon discovery of new material facts not previously available, the occurrence of an intervening change in law, or proof of manifest error of law or fact.  <u>Reliance Ins. Co. v. Doctors Co.</u>, 299 F. Supp. 2d 1131, 1153 (D. Haw. 2003).  The movant's basis for reconsideration, whether in law or fact, must be "strongly convincing" to induce the court to reverse its prior decision.  <u>Id.</u>  Local

Rule 60.1 also places a ten business day time limitation on filing a motion for reconsideration based on proof of manifest error of law or fact.

## DISCUSSION

Plaintiffs assert that this Court failed to adhere to the standards of Federal Rule of Civil Procedure Rule 12(c) when it dismissed Plaintiffs' negligence claim in the August 2007 Order.  Plaintiffs also assert that because their negligence claim is substantially similar to Claypool Plaintiffs' negligence claim, they will suffer an injustice if their claim was not allowed to proceed.

Defendants argue that Rule 60(b) applies only to final judgments and final orders, not interlocutory orders; this is Isham Plaintiffs' third time asking the Court to reconsider the August 2007 Order; and the supposed "New Evidence" given by Isham Plaintiffs in support of their motion is not newly discovered nor was it previously unavailable, and hence no injustice would occur by upholding the August 2007 Order.

Defendants' argument that Plaintiffs current motion is improper because its seeks reconsideration of an interlocutory order is meritless.  Indeed, Local Rule 60.1 clearly allows for reconsideration of interlocutory orders.

Plaintiffs' argument that this Court improperly applied Rule 12(c) of the Federal Rules of Civil Procedure was previously made and rejected by this

Court. Furthermore, this Court does not believe that this argument helps the Isham Plaintiffs and does not understand why it is being raised again, especially in light of the fact that this Court held that an error, if any, was harmless because Rule 12(c) and 12(b) apply the same standard of review.

Ultimately, the problems in this case boil down to the facts that the parties have had difficulty summarizing, clarifying, and understanding each others' arguments and explaining their own arguments. The parties have also had difficulty following the Local Rules, and ensuring that they address each argument made by the other side and point out what claims they believe are still pending or not subject to dismissal. Indeed, as noted by this Court in the August 2007 Order, both sets of Plaintiffs and the Defendants focused on their products liability claims and then used the issue of whether or not the Diving Program could be considered a product to support their arguments on the negligence claims. In that vein, when discussing Isham Plaintiffs' negligence claim, this Court found that to the extent it was based upon a negligent manufacturing, it was dismissed and to the extent it was based upon negligent dissemination of information, it was dismissed based

upon statute of limitations grounds.[4]  This Court then granted judgment on the pleadings with respect to the general negligence claim.

        Isham Plaintiffs asked this Court to reconsider the dismissal of their negligence claim, but failed to state at that time that they believed their negligence claim was based upon more than just negligent misrepresentation.  Although Isham Plaintiffs could have and should have pointed out to this Court in their first reconsideration motion that their negligence claim, like Claypool Plaintiffs' negligence claim, was based upon more than negligent misrepresentation, Isham Plaintiffs have done so now.  Isham Plaintiffs have clearly demonstrated to this Court that their First Amended Complaint alleges a general negligence claim, similar to Claypool Plaintiffs, which is in addition to a negligent misrepresentation claim.

        Thus, although led down this path by the parties themselves, this Court takes this opportunity to clarify that the August 2007 Order only dismissed the part of the Isham Plaintiffs' negligence claim that was based upon negligent manufacturing, and did not dismiss the claim in its entirety.  This Court notes that

---

[4] Isham Plaintiffs had not listed a separate cause of action entitled negligent misrepresentation.

as both sets of Plaintiffs have made the same negligence claims based upon the same set of facts, Defendants will not be prejudiced by this clarification.

CONCLUSION

For the reasons stated above, the Court GRANTS Isham Plaintiffs' Motion for Relief of Judgment Pursuant to Rule 60 and/or Plenary Powers of Court.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 12, 2008.



_____
David Alan Ezra
United States District Judge

Matthew Isham, et al. v. PADI Worldwide Corp., et al., CV No. 06-00382 DAE-BMK, Dennis Claypool, et al. vs. PADI Worldwide Corp., et al., CV No. 06-00386 DAE-BMK; ORDER GRANTING ISHAM PLAINTIFFS' MOTION FOR RELIEF OF JUDGMENT PURSUANT TO RULE 60 AND/OR PLENARY POWERS OF THE COURTS